[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision by the defendant, Town of Chaplin Planning and Zoning Commission (hereinafter "Chaplin P Z"), denying the plaintiffs' application for a Special Permit for CT Page 8305 construction of a helicopter landing area for personal use on property owned by the plaintiffs situated on the southerly side of Phoenixville Road in Chaplin, Connecticut.
The plaintiffs, Gustav A. and Edward Birkmanis are the owners of a tract of land on the south side of Phoenixville Road currently used for residential purposes. The plaintiffs' property is zoned RA-Rural Agricultural Residence District under the provisions of the zoning regulations for the Town of Chaplin, Article IV, § 5.2. The Chaplin Zoning Ordinance Article IV, P5.2 B. provides for certain uses in the RA-Rural Agricultural Residential District Zone by Right and other uses by Special Permit. For a Special Permitted use: the Zoning Ordinance requires the filing of an application together with a Site Development Plan (See § 8.7 of the Zoning Ordinance) and filing fee. The Chaplin P Z is thereafter required to hold a public hearing on the application.
Aircraft landing fields are specified under § B.1. of the Zoning Ordinance as a use allowed by Special Permit. The only guidance set forth by the Zoning Ordinance to the Commission in considering a Special Permit is that the Commission shall be "guided by the need for the proposed use; existing and future character of the neighborhood; location of main and accessory buildings; height and bulk of building in relation to others in the neighborhood; width, gradient and alignment of the street; volume of traffic at present and as projected; means of access and exit; water supply and sewage disposal system; protection of neighboring property values by planted buffer zones a other screening" (See Return of Record N Page 9).
The Chaplin P Z commenced a public hearing on the plaintiffs' application on November 13, 1997. The public hearing was continued to December 11, 1997 with the Commission requesting the plaintiffs provide an A-2 survey showing the precise location of the proposed landing pad and its relationship to other buildings (See Return of Record H Page 16).
After conclusion of the public hearing by the Chaplin P Z on December 11, 1997, the Chaplin P Z at its regular meeting, moved to approve the Special permit application filed by the plaintiffs, and after discussion, a motion to approve the application was unanimously defeated (See Return of Record F Page 1) for the following reasons:
CT Page 8306
 1. The safety of the children living at the site was an issue — The area was not secure from the ground;
 2. Applicants did not possess a helicopter license or a helicopter — did not present a need for the site;
3. The owners did not live on the property;
 4. The Commission was concerned with the mixed use of a current non-conforming lot.
 5. Inappropriate flight patterns for landing and take-off; there was not enough information presented.
6. There was not enough information presented."
At the trial the parties stipulated that the plaintiffs are the owners of the subject property. Accordingly, the court finds that the plaintiffs are statutorily aggrieved.
The Supreme Court's recent decision in Irwin v. Planningand Zoning Commission, 244 Conn. 619 (1998) clarified the review of agency action denying Special Permits which began withWhisper Wind Development Corp. v. Planning and ZoningCommission, 229 Conn. 176 (1994).
It is now clear that general considerations which are enumerated in a zoning regulation may be the basis for the denial of a special permit. Whisper Wind at 177. It is clear that while a special permit proceeding may not involve the discretion of a zone change, the special permit proceeding is not "purely ministerial". Connecticut Health Facilities Inc. v.Zoning Board of Appeals, 29 Conn. App. 1, 6-7 (1992). What may be clearer after the decision in Irwin than before is that:
 Although it is true that the zoning commission does not have discretion to deny a special permit when the proposal meets the standards, it does have discretion to determine whether
the proposal meets the standards set forth in the regulations. [Emphasis in original]
Irwin at 628.
CT Page 8307
In view of the wide discretion possessed by the Commission, the court finds sufficient evidence in the record to support its reasons 1-5. Reason six will be discussed later in this opinion.
While the court finds sufficient evidence to support the Commission's reasons 1-5, the Commission made no explicit finding concerning any of me general standards set form for its consideration in § 5.2 B of its regulation. It is here that the Chaplin Commission parts company with the Litchfield Commission in Irwin. The Litchfield Commission made specific findings of failure to "be in keeping with the Town Plan," failure to comply with "the existing and probable future character of the neighborhood," and failure to create "a harmonious relationship". Irwin at 624.
Since the Commission made no finding that the plaintiffs' proposal was inconsistent with the Chaplin standards in § 5.2 B, the court is unable to affirm the Commission's action in this case. The reasons which the Commission gave for disapproval do not clearly equate to nor do they clearly fail to equate to a violation of the § 5.2 B general standards.
Section 8-8 (1) provides that the court, after hearing may reverse or affirm. It further provides that if "particular board action is required [the court] . . . may render a judgment that . . . orders the particular board action".
The court makes no finding whether or not the record would support a finding by the Commission of violation of one or more of the general standards set forth in § 5.2 B. of its Regulations. That determination should first be made by the Commission which is vested with discretion in making it. To date, the Commission has not decided this question.
The court sustains the appeal and orders the Commission to either grant the requested permit or to make a finding, supported by sufficient evidence, that the permit violates one or more of the general standards set forth in § 5.2 B. and to specifically enumerate the standard or standards, if any, which are violated.
The Commission argued at trial that the plaintiffs submitted insufficient information — Reason six for denial. The plaintiffs must submit to the Commission's satisfaction the information required by Section H of its regulations. If the CT Page 8308 Commission believes that application is incomplete, it may require of the applicants additional information and readvertise and reopen the public hearing. If the Commission chooses to act on the present record, it need not reopen the public hearing. In that event, it would appear that the Commission were satisfied that the application was complete.
The appeal is granted, the action of the Commission is reversed, costs are allowed as required by § 8-8 (1), the matter is remanded to the Commission for action consistent with this opinion.
Booth J.